FILED
APR 15 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| D'AUNDRA GRIER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 08 0646 |
| | ) |
| CITY OF NEW ORLEANS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND TRANSFER ORDER

This matter comes before the Court on review of plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The Court will transfer this case to the United States District Court for the Eastern District of Louisiana.

Plaintiff's cause of action arises from a personal injury she sustained in February 2005 at a Walgreens store in New Orleans, Louisiana. She demands damages of at least $50,000 to compensate her for medical expenses and for pain and suffering.

Under 28 U.S.C. § 1404(a), a court may transfer a case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interests of justice." *Id.* In considering whether transfer would be proper, the court considers the following factors:

> [T]he convenience of the witnesses of plaintiff and defendant; ease of access to sources of proof; availability of compulsory processes to compel the attendance of unwilling witnesses; the amount of expense for the willing witnesses; the relative congestion of the calendars of potential transferor and transferee courts; and other practical aspects of expeditiously and conveniently conducting a trial.

*SEC v. Page Airways*, 464 F. Supp. 461, 463 (D.D.C. 1978). Even though a court typically



3

should give deference to a plaintiff's forum choice, it need give substantially less deference when the forum preferred by the plaintiff is not his home forum. *Piper Aircraft v. Reyno*, 454 U.S. 235, 255-56 (1981); *Boers v. United States*, 133 F. Supp. 2d 64, 65 (D.D.C. 2001).

The complaint alleges that plaintiff sustained her personal injuries in New Orleans, Louisiana and sues corporate entities apparently doing business in New Orleans, Louisiana. The District of Columbia has no apparent connection to this case aside from being the capital of the United States. *See Boers*, 133 F.Supp.2d at 66. Therefore, in the interests of justice, this action will be transferred.

Accordingly, it is hereby

**ORDERED** that plaintiff's application to proceed *in forma pauperis* is **GRANTED** for the limited purpose of considering the instant motion. It is

**FURTHER ORDERED** that the case be **TRANSFERRED** to the United States District Court for the Eastern District of Louisiana.

SO ORDERED.

*/signature/*
United States District Judge

Date: 4/8/08